UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **WESLEY SHANE GLOVER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-2808** |
| **THE KANSAS CITY SOUTHERN** | **SECTION: "H"(2)** |

### ORDER AND REASONS

Before the Court is Defendant's Motion to Summary Judgment (Doc. 98). The Court denied the Motion at a status conference on October 25, 2013, with written reasons to follow.

### BACKGROUND

Plaintiff, Wesley Glover, was employed by Defendant, Kansas City Southern Railway Company, as a brakeman. On August 24, 2011, Plaintiff was working on a train that stopped at Defendant's "Reserve Yard" in Reserve, LA. While setting handbrakes on one of the train's railcars,

1

Plaintiff alleges that he attempted to grab a handhold near the top of the railcar in order to swing around onto the other side of the car. Plaintiff claims that one side of the handhold suddenly gave way when he grabbed it, causing him to fall and sustain various injuries to his back, right knee, and right shoulder. Plaintiff filed the instant suit seeking damages under the Federal Employers Liability Act ("FELA"). On September 20, 2013 this Court granted partial summary judgment to Plaintiff, finding that Defendant had violated the Safety Appliance Act, 49 U.S.C. § 20301, *et seq.*, and was therefore strictly liable for any injuries Plaintiff sustained in the fall. Defendant subsequently filed the instant Motion, arguing that Plaintiff cannot establish his burden to prove that the fall caused any injuries. Because the Court finds that there is a genuine dispute of material fact regarding whether Plaintiff sustained any injury in the fall, the Court denies the Motion.

**LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (2012). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts

in the light most favorable to the non-movant and draws all reasonable inferences in his favor. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997). "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial." *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted). "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted). "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v.*

*Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion." *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## LAW AND ANALYSIS

As this Court has previously held, Plaintiff's claims arise under FELA.  Therefore, "the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought."  *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 543 (1994).  Courts often refer to this unusually low burden as "featherweight." *Davis v. Odeco, Inc.*, 18 F.3d 1237, 1241 (5th Cir. 1994).  Thus, the question before the Court on this Motion is whether Plaintiff can present any evidence from which a jury could find that Defendant's negligence caused injury to Plaintiff.  If such evidence exists, the Court must deny the Motion.

Defendant argues that Plaintiff's injuries are not related to the accident, and instead are pre-existing conditions, and that objective evidence reveals that Plaintiff did not sustain any new injuries as a result of this accident.  In opposition to Defendant's Motion, Plaintiff has attached excerpts of the deposition testimony of three witnesses: Mr. Yates, one of Plaintiff's co-workers, and two of Plaintiff's treating physicians, Dr. Brunet and Dr. Logan.  Mr. Yates testified that he saw Plaintiff right after the accident and observed a bruise on Plaintiff's right knee.  He also testified

that Plaintiff was complaining of pain in his knee and shoulder. Dr. Brunet testified that Plaintiff suffered a tear in the meniscus of his right knee as a result of the accident and that surgery was required to repair the damage. Finally, Dr. Logan testified that, in his opinion, Plaintiff's back problems were related to the accident at issue in this case.

Quite simply, this Motion presents a question which falls squarely within the province of the jury. Plaintiff claims that he suffered significant injuries as a result of his fall from the train car, and Defendant argues that those injuries are exaggerated and/or related to a prior incident. Competing theories such as these are the very reason why courts conduct trials. Because there is a genuine dispute of material fact regarding the cause and extent of Plaintiff's injuries, summary judgment is denied.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment is DENIED.

New Orleans, Louisiana, this 4th day of November, 2013.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

5